2017 Ark. App. 684

**Jan Christopher SARNA, Appellant**

v.

**ARKANSAS DEPARTMENT OF CORRECTION SEX OFFENDER COMMITTEE, Appellee**

No. CV–17–48

Court of Appeals of Arkansas, DIVISION IV.

Opinion Delivered: December 13, 2017

Rehearing Denied January 24, 2018

John Wesley Hall and Sarah M. Pourhosseini, Little Rock, for appellant.

Leslie Rutledge, Att'y Gen., by: Nga Mahfouz, Senior Ass't Att'y Gen., for appellee.

BART F. VIRDEN, Judge

Jan Christopher Sarna appeals the circuit court's decision affirming the Sex Offender Assessment Committee's (SOAC) reassessment of his community-notification status and the denial of his motion to proceed in forma pauperis. We affirm.

On December 17, 1997, Sarna pled nolo contendere in the Sevier County Municipal Court[1] to two counts of first-degree sexual abuse. Sarna was sentenced to 36 months in the Arkansas Department of Correction and ordered to register as a sex offender. In 1998, Sarna was assessed a community notification level 2 by the North Little Rock Police Department.

On April 1, 2015, Sarna filed a petition with the Sevier County Circuit Court to terminate his obligation to register as a sex offender. Sarna explained that he was unlikely to pose a threat to the safety of others and that he had completed the requisite fifteen years of registration as a sex offender. The Sevier County Deputy Prosecuting Attorney filed a request for reassessment, stating that Sarna had never been assessed by Sex Offender Screening & Risk Assessment Committee (SOSRAC), and an assessment by SOSRAC was necessary to ascertain the risk he posed to the community.

Sarna was assessed by SOSRAC and assigned community-notification level 3. Sarna requested administrative review of his assessment by the SOAC. Sarna challenged his level–3 assessment based on the

---

1. Before Amendment 80 to the Arkansas Constitution divided the courts into circuits in 2001.

sufficiency of the evidence, the veracity of the reports in his case history and the accuracy of tools used to gauge his risk level, improper consideration of his non-criminal conduct and refusal to consider facts favorable to him, procedural errors regarding the staffing summary, his nervousness during his assessment, and a discrepancy between the test results and the level assigned to him. Sarna also submitted an independent evaluator's written opinion that it was possible that false statements had been made against him.

On September 2, 2015, the SOAC informed Sarna that an administrative review had been conducted, and his level-3 status had been upheld. In the letter, the SOAC explained that originally Sarna had been assessed at level 2 but that additional information had become available that required adjustment of his status to level 3.

On October 1, 2015, Sarna appealed to the Pulaski County Circuit Court. Among his many points on appeal, Sarna asserted that reassessment was not requested by an authorized party and "[r]eassessment thus violates SOAC's own rules and is arbitrary and capricious." The circuit court affirmed the SOAC's decision to uphold Sarna's level-3 status. Sarna filed a timely notice of appeal on October 26, 2016. On January 17, 2017, Sarna filed a petition to proceed in forma pauperis that the circuit court denied the same day. The record was lodged with this court on January 19, 2017.

On appeal Sarna argues that because reassessment was not requested by an authorized party, "the entire reassessment process, including the Sex Offender Assessment Committee upholding Appellant's reassessment as a Level 3, was in excess of the agency's statutory authority." Sarna also argues that the circuit court erred when it denied Sarna's petition to proceed

in forma pauperis without making the required findings. We affirm.

According to Ark. Code Ann. § 12–12–917(b)(1) (Repl. 2016) the SOAC shall cause an assessment of public risk posed by a sex offender to be conducted for a sex offender required to register pursuant to Ark. Code Ann. § 12–12–905 (after August 1, 1997) and when an assessment did not previously occur. A local law enforcement agency having jurisdiction, the Department of Community Correction, or the parole board may also request the reassessment of a sex offender's assigned risk level at any time. Ark. Code Ann. § 12–12–917(h)(2)(A). Arkansas Code Annotated section 12–12–903(6) (Supp. 2017) provides that the "local law enforcement agency having jurisdiction" is the chief law enforcement officer of the municipality in which a sex offender resides or expects to reside, is employed, or is attending an institution of training or education.

In light of Ark. Code Ann § 12–12–917, it is clear that the Sevier County Deputy Prosecuting Attorney is not authorized to request risk-level reassessment, and a violation of the statute occurred; however, Sarna was required to raise to the SOAC the issue of the deputy prosecutor's unauthorized request for reassessment. Sarna first raised this issue in his appeal to the circuit court. It is essential to judicial review under the Administrative Procedures Act that issues must be raised before the administrative agency appealed from or they will not be addressed by this court. *Parkman v. Sex Offender Screening & Risk Assessment Comm.*, 2009 Ark. 205, at 23–24, 307 S.W.3d 6, 20. Because Sarna failed to raise to the SOAC his argument regarding the deputy prosecutor's lack of authority to request reassessment, we are barred from addressing the issue.

Sarna also argues on appeal that the circuit court did not make the required findings when it denied his request to proceed in forma pauperis. Indeed, Arkansas Rule of Civil Procedure 72 requires that the court make a finding regarding indigency based on the affidavit, and it is clear that the circuit court made no findings on the issue; however, for the reasons set forth above we have denied Sarna's appeal, and this issue is rendered moot.

Affirmed.

Gruber, C.J., and Harrison, J., agree.